UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CANDELARIO,          ) | 1:10-cv-01404 OWW MJS HC |
| Petitioner,          ) | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AS MOOT |
| v.          ) | |
| JAMES D. HARTLEY, Warden,          ) | FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION |
| Respondent.          ) | (Docs. 1, 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Janine W. Boomer, Esq., of the Office of the Attorney General for the State of California.

I. **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles on December 29, 1992, for second degree murder. (Pet. at 12, ECF No. 1.) Petitioner was sentenced to serve a indeterminate term of fifteen years (15) years to life in state prison. (Id.) On February 6, 2008, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole. (Id. at Ex. A.)

After attempting to exhaust his state court remedies, Petitioner filed the instant petition with this Court on August 6, 2010. On January 11, 2011, Respondent filed a motion to dismiss alleging that the petition was filed after the one year statute of limitations under 28 U.S.C. § 2244(d). Petitioner filed an opposition to the motion on March 10, 2011.

## II.  DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

////

### B. Application of Substantive Due Process to Parole

In the instant petition, Petitioner does not challenge the validity of his conviction. Petitioner presents three claims. First, he challenges the Board of Parole Hearings' (Board) February 6, 2008 decision finding him unsuitable for release on parole. Petitioner claims that his due process rights were violated because the Board decision failed to establish a nexus between Petitioner's unsuitability factors and his current dangerousness. Second, Petitioner claims that the Board violated his due process in that the decision was not supported by the evidence. Finally, Petitioner asserts that reliance on the commitment offense and other immutable factors amounted to cruel and unusual punishment under the Eighth Amendment.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), rev'd, Swarthout v. Cooke, 131 S. Ct. 859.  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward, 603 F.3d at 563; Pearson, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke, 131 S. Ct. 859. In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862, citing, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's

decision. (See Pet., Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner] received due process." Swarthout, 131 S. Ct. at 863. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, it is clear from the allegations in the petition and the related documentation that Petitioner attended the parole suitability hearing, made statements to the Board, and received a statement of reasons for the denial of parole. Because it appears from the face of the petition that Petitioner received all process that was due, Petitioner cannot state a tenable due process claim. Accordingly, this Court must and does conclude that Petitioner does not present cognizable claims with regard to substantive due process and recommends that relief and must be summarily dismissed without leave to amend.

### C. Cruel and Unusual Punishment

Further, to the extent petitioner argues his continued incarceration is cruel and unusual punishment because it is disproportionate to the crime committed, Petitioner's claim is also unavailing.

Successful challenges to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring) (citing Solem). See also Lockyer v. Andrade, 538 U.S. 63, 77, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (two consecutive twenty-five years to life sentences with the possibility of parole did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under California's Three Strikes law did not violate

U.S. District Court
E. D. California
-4-

the Eighth Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record).

The instant case does not present an "exceedingly rare" and "extreme" case where the failure of the Board to find petitioner suitable for parole, thus continuing his term of imprisonment, runs afoul of Eighth Amendment law as established by the Supreme Court of the United States. Petitioner was convicted of second degree murder. In view of the decisions noted above, Petitioner's sentence is not grossly disproportionate to this crime. See Harmelin, 501 U.S. at 1004-05 (life imprisonment without possibility of parole for possession of 24 ounces of cocaine raises no inference of gross disproportionality). Accordingly, Petitioner is not entitled to relief on his Eighth Amendment claim.

### III.  CONCLUSION

Petitioner's claims based on substantive due process and cruel and unusual punishment lack merit and, this Court recommends that the petition be dismissed. As the petition lacks merit, the Court need not determine if the petition was field within the one year limitation period required by 28 U.S.C. § 2244(d). Accordingly, the Court further recommends that the motion to dismiss be denied as moot.

### IV.  RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for habeas corpus be SUMMARILY DISMISSED in light of Swarthout v. Cooke, and that Respondent's motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be DENIED as MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 18, 2011                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE